# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# EASTERN DISTRICT OF TENNESSEE

In re

DAVID ARTHUR HAVLOVIC

    Debtor

Case No. 3:15-bk-30062-SHB

MICHAEL KEARNS

    Plaintiff

v.

Adv. Proc. No. 3:15-ap-3033-SHB

DAVID ARTHUR HAVLOVIC

    Defendant

## MEMORANDUM ON MOTION OF
## PLAINTIFF MICHAEL KEARNS
## FOR SUMMARY JUDGMENT

**APPEARANCES:** BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
    Robert R. Carl, Esq.
    265 Brookview Centre Way
    Suite 600
    Knoxville, Tennessee  37919
    Attorneys for the Plaintiff

    WILLIAM E. MADDOX, JR., LLC
    William E. Maddox, Jr., Esq.
    Post Office Box 31287
    Knoxville, Tennessee  37930
    Attorney for the Defendant

**SUZANNE H. BAUKNIGHT**
**UNITED STATES BANKRUPTCY JUDGE**

Plaintiff Michael Kearns filed a Complaint to Determine Dischargeability of Debt, asking the Court to determine that a state-court judgment entered in his favor and against Defendant-Debtor David Havlovic in the amount of $389,214.51 is nondischargeable under 11 U.S.C. § 523(a)(2) and/or (6).  Kearns has now moved for summary judgment under subsection (a)(6), arguing that the judgment entered by the state court should be given collateral estoppel effect for a finding by this Court that the judgment is nondischargeable as a matter of law.  The state-court judgment is based on a jury verdict that Havlovic engaged in bad faith in pursuing misappropriation of trade secret claims against Kearns and awarding damages to Kearns for malicious prosecution and/or abuse of process.

In support of his request for summary judgment, Kearns filed a memorandum of law and other supporting documents, including the required statement of undisputed material facts [Doc. 24], the Verified Complaint commencing *David A. Havlovic and Kiosk Concierge Solutions, LLC v. Michael Kearns*, Case No. A0903904, in the Court of Common Pleas for Hamilton County, Ohio (State-Court Lawsuit) [Doc. 24-1]; the Answer, Counterclaim, and Third-Party Complaint (Counterclaim) in the State-Court Lawsuit [Doc. 24-2]; the Verdict returned April 14, 2011, in favor of Kearns and against Havlovic in the amount of $240,000.00 compensatory damages and $10,000.00 punitive damages [Doc. 24-3]; the Judgment Entry dated-stamped May 24, 2011, in the amount of $389,214.51 (Judgment) [Doc. 24-4]; and Interrogatories answered by the jury, dated April 14, 2011 [Doc. 24-5].  Havlovic timely responded to the Motion and filed the requisite brief [Doc. 28] and response to Kearns's statement of undisputed material facts [Doc. 29].  This matter, which is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I), is now ripe for decision.[1]

---

[1] In addition to the materials submitted by the parties, the Court takes judicial notice of undisputed facts of record in Havlovic's underlying bankruptcy case pursuant to Rule 201 of the Federal Rules of Evidence.

# I. FACTS NOT IN DISPUTE

The following facts are not in dispute. The parties are former business partners, each having held a 50% ownership interest in Kiosk Concierge Solutions, LLC. [Doc. 24 at ¶ 1; Doc. 29 at ¶ 1.] Havlovic filed the State-Court Lawsuit against Kearns on April 20, 2009, alleging breach of fiduciary duty, misappropriation of trade secrets, conversion, and replevin. [Doc. 1 at ¶11; Doc. 13 at ¶ 11; Doc. 24 at ¶ 2; Doc. 29 at ¶ 2; Doc. 24-1.] Kearns filed a counterclaim against Havlovic in the State-Court Lawsuit, seeking damages for, *inter alia*, malicious prosecution, abuse of process, and bad faith assertion of misappropriation of trade secrets. [Doc. 1 at ¶ 11; Doc. 13 at ¶ 11; Doc. 24 at ¶ 3; Doc. 29 at ¶ 3; Doc. 24-2.] Kearns also sought punitive damages and statutory attorneys' fees for Havlovic's alleged bad faith assertion of misappropriation of trade secrets. [*Id*.] After the judge directed a verdict against Havlovic on his claims against Kearns, the judge allowed the jury to decide Kearns's claims for bad faith pursuit of misappropriation of trade secrets, malicious prosecution, and abuse of process. [Doc. 1 at ¶ 12; Doc. 13 at ¶ 12.] On April 14, 2011, the jury returned a verdict in favor of Kearns, finding that Havlovic engaged in bad faith pursuit of misappropriation of trade secrets and malicious prosecution and/or abuse of process and awarding compensatory damages in the amount of $200,000.00, punitive damages of $10,000.00, and attorneys' fees and costs. [Doc. 1 at ¶ 18; Doc. 13 at ¶ 18; Doc. 24 at ¶ 4; Doc. 29 at ¶ 4; Doc. 24-3.] Attorneys' fees and costs of $117,520.32 and pre-judgment interest from April 2009 through April 2011 in the amount of $240,000.00 were likewise awarded. [Doc. 1 at ¶ 19; Doc. 13 at ¶ 19.] On the same day it rendered its verdict, the jury answered in the affirmative interrogatories inquiring whether (1) it found "by a preponderance of evidence that Havlovic engaged in bad faith in pursuing misappropriation of trade secret claims against Kearns;" (2) it found "by a preponderance of the

evidence that Havlovic engaged in malicious prosecution and/or abuse of process;" and (3) it found "by clear and convincing evidence that Havlovic acted with malice" concerning the malicious prosecution and/or abuse of process claim. [Doc. 24-5 at ¶¶ 1-2, 4.] In accordance with the jury verdict, the Judgment of $389,214.51, plus 4% interest and costs, was entered on May 24, 2011. [Doc. 1 at ¶ 20; Doc. 13 at ¶ 20; Doc. 24 at ¶ 4; Doc. 29 at ¶ 4; Doc. 24-4.]

On January 10, 2015, Havlovic filed the Voluntary Petition commencing his Chapter 7 bankruptcy case, and he received a discharge on June 16, 2015. Kearns filed a proof of claim in the amount of $389,214.51 on January 27, 2015 [Claim No. 1-1], and pursuant to this Court's May 5, 2015 Order extending the deadline to file a dischargeability action, he filed the Complaint initiating this adversary proceeding on July 10, 2015.

In his Motion, Kearns argues that, based on the undisputed facts, he is entitled to a determination that the indebtedness owed to him under the State-Court Judgment is nondischargeable under 11 U.S.C. § 523(a)(6). Havlovic disputes that Kearns is entitled to summary judgment, arguing that the jury verdict and interrogatory responses are insufficient to satisfy the elements necessary to determine nondischargeability under § 523(a)(6). Because the record reflects that the parties actually litigated the elements of nondischargeability under § 523(a)(6) in the State-Court Lawsuit, the issues are identical, and the issues were decided by a final judgment, this Court finds that summary judgment is appropriate under the doctrine of collateral estoppel. Kearns's Motion shall be granted, and the Court will enter a judgment that the debt Havlovic owes to Kearns under the State-Court Judgment is nondischargeable in its entirety.

## II. SUMMARY JUDGMENT STANDARD

Pursuant to Rule 56 of the Federal Rules of Civil Procedure,[2] "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law[,]" utilizing the procedures defined in subparts (c)(1) through (c)(4). When deciding a summary judgment motion, the Court does not weigh the evidence to determine the truth of the matter asserted but simply determines whether a genuine issue for trial exists, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

As movant, Kearns bears the burden of proving that, based upon the record presented to the Court, there is no genuine dispute concerning any material fact, such that the defenses raised are factually unsupported, entitling him to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986); *Owens Corning v. Nat'l Union Fire Ins. Co.*, 257 F.3d 484, 491 (6th Cir. 2001). The burden then shifts to Havlovic, the nonmoving party, to prove that there are genuine disputes of material fact for trial, although he may not rely solely upon allegations or denials contained in the pleadings because reliance upon a "mere scintilla of evidence in support of the nonmoving party will not be sufficient." *Nye v. CSX Transp., Inc.*, 437 F.3d 556, 563 (6th Cir. 2006); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). While viewing the facts and all resulting inferences in a light most favorable to the non-moving party, the Court must decide whether "the evidence presents a sufficient disagreement to require submission to a [fact-finder] or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 243. When "the record taken as a whole could not lead a

---

[2] Rule 56 is applicable in adversary proceedings by virtue of Rule 7056 of the Federal Rules of Bankruptcy Procedure.

rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citations omitted).

### III. LAW AND ANALYSIS

To prevail under § 523(a)(6), Kearns must prove (1) the existence of "a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury[,]" *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998), and (2) that Havlovic either desired to cause the consequences of his actions or believed with reasonable certainty that such consequences would occur. *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 464 (6th Cir. 1999). Under Sixth Circuit authority, "unless the actor desires to cause consequences of his act, or . . . believes that the consequences are substantially certain to result from it, he has not committed a 'willful and malicious injury' as defined under § 523(a)(6)." *Id.* at 464; *Guthrie v. Kokenge (In re Kokenge)*, 279 B.R. 541, 543 (Bankr. E.D. Tenn. 2002) (citations omitted). "That a reasonable debtor 'should have known' that his conduct risked injury to others is simply insufficient. Instead, the debtor must 'will or desire harm, or believe injury is substantially certain to occur as a result of his behavior.'" *Kokenge*, 279 B.R. at 543 (quoting *Markowitz*, 190 F.3d at 465 n.10). Furthermore, "the injury must invade the creditor's legal rights." *Steier v. Best (In re Best)*, 109 Fed. App'x 1, 6 (6th Cir. June 30, 2004).[3] All elements must be proved by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 286 (1991).

"While willfulness and malice may often exist concurrently in the same set of facts, each is a distinct element in the § 523(a)(6) analysis; both requirements must be met to warrant a

---

[3] "The Sixth Circuit has developed a non-exclusive list of 'types of misconduct [that] satisfy the willful and malicious injury standard: intentional infliction of emotional distress, malicious prosecution, conversion, assault, false arrest, intentional libel, and deliberately vandalizing the creditor's premises.'" *MD Acquisition, LLC v. Myers (In re Myers)*, No. 11-6092, 2012 WL 6761356, at *8, 2012 Bankr. LEXIS 5953, at *25 (Bankr. N.D. Ohio Dec. 31, 2012) (quoting *Best*, 109 F. App'x at 5 & n.2).

6

determination of nondischargeability." *Schafer v. Rapp (In re Rapp)*, 375 B.R. 421, 436 (Bankr. S.D. Ohio 2007). Concerning the willfulness element, the Supreme Court looked to Black's Law Dictionary and defined "willful" as "voluntary," "intentional," and "deliberate," and compared the willfulness requirement – that the actor intended not merely to act but to cause the consequences of the act – to that necessary to prove an intentional tort. *Geiger*, 523 U.S. at 61-62 & n.3. Accordingly, "[a]n act will be deemed 'willful' only if it was undertaken with the actual intent to cause injury," *Cash Am. Fin. Servs. v. Fox (In re Fox)*, 370 B.R. 104, 119 (B.A.P. 6th Cir. 2007). A court, thus, must "look into the debtor's mind subjectively" to determine whether a defendant intended to cause the consequences of his actions or believed that the consequences were substantially certain to result from his actions." *Monsanto Co. v. Wood (In re Wood)*, 309 B.R. 745, 753 (Bankr. W.D. Tenn. 2004).

As to the element of malice, "[a] person has acted 'maliciously' when that person acts in conscious disregard of his duties or without just cause or excuse." *HER, Inc. v. Barlow (In re Barlow)*, 478 B.R. 320, 330 (Bankr. S.D. Ohio 2012) (citations omitted). "A party may establish malice for purposes of § 523(a)(6) by showing 'that (1) the debtor has committed a wrongful act, (2) the debtor undertook the act intentionally, (3) the act necessarily causes injury, and (4) there is no just cause or excuse for the action.'" *Vicars v. Freeman (In re Freeman)*, No. 11-5028, 2013 WL 4447007, at *17, 2013 Bankr. LEXIS 3334, at *52-53 (Bankr. E.D. Tenn. Aug. 16, 2013) (quoting *JP Morgan Chase Bank, NA v. Algire (In re Algire)*, 430 B.R. 817, 823 (Bankr. S.D. Ohio 2010) (citations omitted)). "There is no requirement that the person act with ill will, spite, or animosity toward the injured party," *Rapp*, 375 B.R. at 436, and "[m]ere negligence is not sufficient to except a debt from discharge under § 523(a)(6)." *Fox*, 370 B.R. at 119. Thus, here, the proof of the requisite malice to establish nondischargeability under § 523(a)(6) requires

a showing that Kearns was injured and Havlovic's deliberate or intentional actions caused his injury.

The crux of Kearns's argument in favor of summary judgment is that no genuine dispute as to any material fact exists because the state-court jury expressly found that Havlovic "engaged in bad faith in pursuing misappropriation of trade secret claims against Kearns;" that Havlovic "engaged in malicious prosecution and/or abuse [of] process;" and that he "acted with malice" [Doc. 24-5 at ¶¶ 1-2, 4], such that under the doctrine of collateral estoppel, the issue of whether Havlovic's debt to Kearns arose from a willful and malicious injury has been decided and cannot be re-litigated. On the other side, Havlovic has argued against a finding that the State-Court Judgment should be given preclusive effect based on the record before this Court, arguing that the State-Court Lawsuit "was a complicated business and contractual lawsuit" and Kearns has failed to prove that "there were any intentional acts with the intent to cause harm." [Doc. 28 at 3.]

Unquestionably, the doctrine of collateral estoppel applies in adversary proceedings before the bankruptcy court. "'Where a state court determines factual questions using the same standards as the bankruptcy court would use, collateral estoppel should be applied to promote judicial economy by encouraging the parties to present their strongest arguments.'" *Phillips v. Weissert (In re Phillips)*, 434 B.R. 475, 485 (B.A.P. 6th Cir. 2010) (quoting *Klingman v. Levinson*, 831 F.2d 1292, 1295 (7th Cir. 1987 (citation omitted)). The question of whether to afford a state court judgment preclusive effect depends on the elements provided under applicable state law. *MD Acquisition, LLC v. Myers (In re Myers)*, No. 11-6092, 2012 WL 6761356, at *2, 2012 Bankr. LEXIS 5953, at *7 (Bankr. N.D. Ohio Dec. 31, 2012) (citations omitted). "The necessity requirement . . . ensures that preclusive effect is not given to

8

determinations that did not 'receive close judicial attention[,]'" *SunTrust Bank v. Bennett (In re Bennett)*, 517 B.R. 95, 103-04 (Bankr. M.D. Tenn. 2014) (quoting *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 252 (3d Cir. 2006) (citation omitted)), and prevents the unfairness of "saddl[ing] a party with preclusive effect regarding a finding not receiving close judicial attention or that was merely incidental, collateral or nonessential to the judgment." *Bennett*, 517 B.R. at 104. Additionally, "[w]hen assessing whether a state court judgment should be given preclusive effect in a nondischargeability action, a bankruptcy court may review the entire record in the state court case to determine the grounds for, or the meaning of, the state court's judgment or order." *CMCO Mortg., LLC v. Hill (In re Hill)*, 540 B.R. 331, 335-36 (Bankr. W.D. Ky. 2015).

Because Ohio law governed the State-Court Lawsuit, Ohio law also governs whether the Court must apply the doctrine of collateral estoppel.

> Under Ohio law, a judgment will be afforded preclusive effect for purposes of the doctrine of collateral estoppel if the party moving for the application of the doctrine can establish the existence of these four elements:
>
> (1) A final judgment on the merits in the previous case after a full and fair opportunity to litigate the issue;
> (2) The issue must have been actually and directly litigated in the prior suit and must have been necessary to the final judgment;
> (3) The issue in the present suit must have been identical to the issue involved in the prior suit; and
> (4) The party against whom estoppel is sought was a party or in privity with a party to the prior action.

*Dodson v. Maines (In re Maines)*, No. 12-3168, 2013 WL 442512, at *4, 2013 Bankr. LEXIS 488, at *10-11 (Bankr. N.D. Ohio Feb. 5, 2013) (quoting *Murray v. Wilcox (In re Wilcox)*, 229 B.R. 411, 415-16 (Bankr. N.D. Ohio 1998) (citing *Cashelmara Villas Ltd. P'ship v. DiBenedetto*, 623 N.E.2d 213, 215 (Ohio Ct. App. 1993))).

9

Based on the record before it, the Court easily finds that the first, second, and fourth elements of this test have been satisfied. There is no dispute that the State-Court Judgment is a final judgment and the State-Court Lawsuit was fully litigated by both parties and determined by a jury, leaving only the third element in question: whether the issues here are identical to the issues raised in the State-Court Lawsuit.

The *Maines* court addressed a similar question concerning the third element required to establish collateral estoppel and held the following:

> In the case of *Ed Schory & Sons, Inc. v. Francis (In re Francis),* the Bankruptcy Appellate Panel for the Sixth Circuit addressed the third element of Ohio's collateral estoppel doctrine, explaining:
>
>> If the same facts or evidence would sustain both, the two actions are considered the same within the rule that the judgment in the former is a bar to the subsequent action. If, however, the two actions rest upon different facts, or if different proofs would be required to sustain the two actions, a judgment in one is no bar to the maintenance of the other.
>
> *Ed Schory & Sons, Inc. v. Francis (In re Francis),* 226 B.R. 385, 389 (B.A.P. 6th Cir. 1998). Consistent with this statement, this Court has observed that, when assessing the applicability of the third element of the collateral estoppel doctrine, it is necessary to compare those factual findings made in the state-court proceeding and determine whether those findings would have been sufficient to sustain a decision that the defendant's conduct rose to the level to except the plaintiff's claim from discharge pursuant to the standard of § 523(a)(6). *Gonzalez v. Moffitt (In re Moffitt),* 254 B.R. 389, 394 (Bankr. N.D. Ohio 2000).

*Maines*, 2013 WL 442512, at *4, 2013 Bankr. LEXIS 488, at *11-12.

Kearns's counterclaim alleged, *inter alia*, that as part of a conspiracy to take over Kearns's ownership of Kiosk Concierge Solutions, LLC, Havlovic "abused the legal process and out of malice . . . prosecuted baseless legal claims against" Kearns and made a bad faith claim of trade secret misappropriations against Kearns, thus entitling him to a statutory award of attorneys' fees. [Doc. 24-2 at ¶¶ 48, 51.] The claims for bad faith misappropriation of trade

10

secrets, malicious prosecution, and abuse of process were sent to the jury and decided in Kearns's favor. [Doc. 1 at ¶¶ 12, 18; Doc. 13 at ¶¶ 12, 18; Doc. 24-3; Doc. 24-5.]

Ohio law recognizes separate causes of action for malicious prosecution and abuse of process.  A claim of malicious prosecution under Ohio law requires proof of the following four elements: "(1) malicious institution of prior proceedings against the plaintiff by defendant; (2) lack of probable cause for the filing of the prior lawsuit; (3) termination of the prior proceedings in plaintiff's favor[;] and (4) seizure of plaintiff's person or property during the course of the prior proceedings." *Dever v. Lucas*, 884 N.E.2d 641, 645 (Ohio Ct. App. 2008) (citation omitted).  "The requirement of malice turns directly on the defendant's state of mind.  Malice is the state of mind under which a person intentionally does a wrongful act without a reasonable lawful excuse and with the intent to inflict injury or under circumstances from which the law will infer an evil intent.  For purposes of malicious prosecution it means an improper purpose, or any purpose other than the legitimate interest of bringing an offender to justice." *Criss v. Springfield Twp.*, 564 N.E.2d 440, 443 (Ohio 1990) (citations omitted).

A claim for abuse of process, although similar to a claim of malicious prosecution, requires proof of the following three elements: "(1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process." *Yaklevich v. Kemp, Schaeffer & Rowe Co., L.P.A.*, 626 N.E.2d 115, 118 (Ohio 1994) (footnotes omitted).  "'[A]buse of process' differs from 'malicious prosecution' in that the former connotes the use of process properly initiated for improper purposes, while the latter relates to the malicious initiation of a lawsuit which one has no reasonable chance of winning." *Clermont Envtl. Reclamation Co. v. Hancock*, 474 N.E.2d

357, 362 (Ohio Ct. App. 1984). Notwithstanding the distinctions, "[e]ven though the tort of malicious prosecution and the tort of abuse of process have different elements, in some situations the same facts which may constitute an abuse of process may also support an action for malicious prosecution." *Yaklevich*, 626 N.E.2d at 118.

Additionally, in order to award statutory attorneys' fees under Ohio Revised Code Annotated § 1333.64, the jury was required to find that Havlovic acted in bad faith when he made the claim that Kearns had misappropriated trade secrets. Under Ohio law, "[a] lack of good faith is the equivalent of bad faith, and bad faith, although not susceptible of concrete definition, embraces more than bad judgment or negligence. It imports a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud. It also embraces actual intent to mislead or deceive another." *Buckeye Union Ins. Co. v. New England Ins. Co.*, 720 N.E.2d 495, 499 (Ohio 1999) (citations omitted).

Having reviewed the elements of Kearns's claims under Ohio law, the Court finds that the facts necessary for the jury to render its verdict against Havlovic are the same facts necessary for this Court to determine a willful and malicious injury under § 523(a)(6). The jury was required to find that Havlovic acted with malice, which Interrogatory 4 conclusively establishes. [*See* Doc. 24-5 at ¶ 4.] Malice is defined under Ohio law as having an intentional element – that the offender intentionally commits an act designed to cause injury to other party. This definition directly corresponds to § 523(a)(6)'s requirements that Havlovic intended to cause the injury inflicted through his actions and acted without regard for Kearns's legal rights. *See Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998). Additionally, the jury found that Havlovic brought the

misappropriation of trade secrets claim against Kearns in bad faith, and such finding also encompasses Havlovic's knowing wrongdoing for an improper purpose under § 523(a)(6).

The Court agrees with Kearns's assertion that the decision in *Abbo v. Rossi, McCreery & Assocs., Inc. (In re Abbo)*, 168 F.3d 930 (6th Cir. 1999), is on point. There, the Sixth Circuit affirmed the bankruptcy and district court decisions that the judgment awarded against the debtor for malicious prosecution and abuse of process was nondischargeable under § 523(a)(6). As in this case, the state court had entered a judgment against the debtor for malicious prosecution and abuse of process following the jury finding that the debtor had acted intentionally and maliciously. *See Abbo*, 168 F.3d at 931. The Sixth Circuit noted that the state court had instructed the jury to find for the plaintiffs on the claim of malicious prosecution only if it found that the debtor had acted maliciously and offered a definition of malice that included an intentional wrongful act. *Id*. Stating that the judgment awarded by the state court had "followed the jury's finding that the defendant acted intentionally and maliciously," the court held that not only were the compensatory damages nondischargeable, the punitive damages were as well because they also arose from the debtor's conduct and the Code "'does not distinguish between debts which are compensatory in nature and those which are punitive [since t]he language of section 523(a)(6) is directed at the nature of the conduct which gives rise to the debt, rather than the nature of the debt.'" *Id*. (quoting *Johnson v. Miera (In re Miera)*, 926 F.2d 741, 745 (8th Cir. 1991)).

Havlovic has urged the Court to distinguish *Abbo* because the record here does not include jury instructions defining the terms willful and malicious; however, Havlovic's distinction is unpersuasive. Notwithstanding that the record does not include any evidence of jury instructions provided by the state court, it does contain the jury interrogatories that clearly

evidence the jury's conclusions that Havlovic "engaged in bad faith in pursuing misappropriation of trade secret claims against Kearns;" that he "engaged in malicious prosecution and/or abuse of process;" and that he "acted with malice." [Doc. 24-5 at ¶¶ 1-2, 4.]  "[A] jury which determined the judgment in the state court action, has the unique value . . . to weigh the testimony of witnesses and to resolve disputed questions of fact.  In arriving at such factual determinations, a jury's findings have particular credibility and are entitled to great deference." *Miller v. Harper (In re Harper)*, 117 B.R. 306, 313 (Bankr. N.D. Ohio 1990).  Notwithstanding the absence of jury instructions in this record, the Court must presume that the jury followed the law of Ohio in reaching its verdict, which, not having been appealed, is now final. *See Thompson v. Myers (In re Myers)*, 235 B.R. 838, 846 (Bankr. D.S.C. 1998).  This Court is satisfied that the jury rendered its verdict based on the elements necessary to prove each claim under Ohio law.  Accordingly, the Court finds that the record establishes that the state court actually litigated the elements required for a determination of nondischargeability under § 523(a)(6).  Kearns has satisfied his burden and established that collateral estoppel applies.

Havlovic has also argued that, even if the Court finds that the jury awards for compensatory and punitive damages are nondischargeable, the portion of the State-Court Judgment attributable to attorneys' fees might be dischargeable. [Doc. 28 at 4.]  The Court disagrees.  Because the jury found that Havlovic's claim against Kearns of misappropriation of trade secrets was made in bad faith, statutory attorneys' fees were proper under Ohio Revised Code Annotated §1333.64(A).  Furthermore, even without a statutory basis, attorneys' fees would have been proper under Ohio common law because the jury found that Havlovic had acted with malice.  *See, e.g., Broughman v. Breyfogle-Schaaf P'ship*, No. 83AP-1145, 1984 WL 4700, at *2, 1984 Ohio App. LEXIS 9603, at *4 (Ohio Ct. App. Mar. 29, 1984) ("Most assuredly,

bringing a civil action maliciously and without probable cause constitutes acting in bad faith, vexatiously, wantonly, or obdurately or for oppressive reasons within the contemplation of the exception to the American Rule, making attorney fees recoverable as part of the costs of litigation in the action which has been commenced maliciously and without probable cause."). Because the award of attorneys' fees arose from Havlovic's intentional conduct, they are nondischargeable along with the compensatory and punitive damages.

In summary, although the State-Court Judgment itself does not contain an express finding of willful and malicious injury, the jury interrogatories relied upon by Kearns clearly provide proof of the jury's findings that Havlovic acted in bad faith by pursuing a claim for misappropriation of trade secrets against Kearns, that Havlovic engaged in the malicious prosecution and/or abuse of process of these claims, and that Havlovic acted with malice. Because Kearns has proved that the State-Court Judgment, in fact, is based on a willful and malicious injury within the definition required by the Sixth Circuit, collateral estoppel applies, and Kearns is entitled to summary judgment against Havlovic that the State-Court Judgment is nondischargeable under § 523(a)(6). Accordingly, the Motion by Plaintiff Michael Kearns for Summary Judgment shall be granted, and a Judgment consistent with this Memorandum shall be entered.

FILED:  March 11, 2016

BY THE COURT

*/s/ Suzanne H. Bauknight*

SUZANNE H. BAUKNIGHT
UNITED STATES BANKRUPTCY JUDGE
